UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
KERR CARRINGTON,               )
        Petitioner,            )
                               )    Civil Action No.
        v.                     )    14-13100-NMG
                               )
LUIS SPENCER,                  )
        Respondent.            )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

For the reasons stated below, the Court (1) grants the petitioner's motion not to dismiss this action; (2) directs the petitioner to provide information presently missing from his petition; and (3) denies without prejudice the petitioner's motion for appointment of counsel.

I. Background

In July 2014, Kerr Carrington filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges his 2011 convictions for larceny, attempted larceny, and uttering. In September 2014, the respondent filed a motion for a more definite statement (Docket # 12), observing that the page of the form petition which requires the petitioner to identify the first ground of his petition was missing from Carrington's filing. The respondent also argued that, in answering question number thirteen of the form petition, Carrington was admitting that he had not exhausted his state remedies in regards to at least one of his claims, but that it was unclear to which claim(s) he was referring.

The Court did not receive a response to the motion for a

more definite statement from the petitioner.  In an endorsed order dated November 7, 2014 (Docket # 13), the Court granted the motion.  Carrington promptly responded to the grant of the motion by filing a letter to the Court (Docket # 15) in which he stated that he had received the endorsed order and that he had filed a response to the motion for a definite statement.  He asked that he be notified immediately if the Court had not received his response to the motion.  In reply to his letter, the Clerk mailed him a copy of the docket sheet on November 20, 2014 (Docket # 16).

The Court did not receive any response from Carrington until June 2016, when he responded to the Court's order to show cause why the case should not be dismissed for lack of prosecution under Local Rule 41.1.  In his motion requesting that the case not be dismissed (Docket # 24), the petitioner states that he had just become aware that this case required action by him that he had thought the Court was waiting for the respondent's response to the petition.  Carrington also filed a motion for counsel, indicating he has been in communication with a specific attorney and wishes that she be appointed.

II. **Discussion**

    **A.  The Case Will Remain Open**

Crediting the petitioner's representations, it appears that he believed that the Court had received his response to the motion for a more definite statement and that the Court was waiting for the respondent's response to the petition.  Thus, it is in the interests of justice not to terminate this action for

lack of prosecution and the Court will grant Carrington's motion that the case not be dismissed.

**B.     The Petitioner Must Provide Additional Information**

Carrington must, however, cure the deficiencies in his petition raised by the respondent in its motion for a more definite statement.  He must submit a copy the page missing from his petition.

Further, he must clarify for which claim(s) he has not exhausted his state remedies.  In question 13 of the form petition, he indicates that he is presenting issues that have not been raised in the highest state court having jurisdiction, yet it unclear to which claim(s) he is referring.  A claim in a § 2254 petition is not exhausted unless the petitioner presents his claim in "each appropriate state court," "including a state supreme court with powers of discretionary review."  Baldwin v. Reese, 541 U.S. 27, 29 (2004).  In Massachusetts, exhaustion requires presentation of the claim in question to the Supreme Judicial Court.  See Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010) ("Even if the SJC declines to grant review . . . the petitioner must have fairly presented the federal claim within the four corners of his ALOFAR [application for leave to obtain further appellate review].")

A claim is not subject to the exhaustion requirement if "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(ii).  Under this narrow exception, the petitioner may be excused from the exhaustion requirement if he shows that

"a state's highest court has ruled unfavorably on a claim involving facts and issues materially identical to those undergirding a federal habeas petition and there is no plausible reason to believe that a replay will persuade the court to reverse its field." Allen v. Attorney Gen. of State of Me., 80 F.3d 569, 573 (1st Cir. 1996).  In such circumstances, "the state judicial process becomes ineffective as a means of protecting the petitioner's rights" and "the federal courts may choose to relieve the petitioner of the obligation to pursue available state appellate remedies as a condition precedent to seeking a federal anodyne."  Id.  If Carrington is relying on the futility exception to the exhaustion requirement, he must clearly identify the claim(s) in question and the prior state ruling which he believes rendered exhaustion futile.

    **C.    Motion for Appointment of Counsel**

Carrington does not have a constitutional right to counsel in a habeas proceeding.  See Coleman v. Thompson, 501 U.S. 722, 756-57 (1991); United States v. Saccoccia, 564 F.3d 502, 506 n.3 (1st Cir. 2009).  The Court may appoint counsel for an indigent petitioner under the Criminal Justice Act if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2).  In determining whether the interests of justice require the appointment of counsel, the Court must examine the totality of the circumstances, focusing on whether the petitioner has presented a colorable claim, the complexity of the legal issues, the intricacy of any factual issues, and the petitioner's ability to represent himself.  See United States v. Guadalupe-Quinones, 65

4

Fed. Appx. 329, 333 (1st Cir. 2003); <u>Abdullah</u> v. <u>Norris</u>, 18 F.3d 571, 573 (8th Cir. 1994). In addition, if the Court decides to conduct an evidentiary hearing on the petition, the interests of justice will require appointment of counsel. <u>See</u> Rule 8(c) of the Rules Governing Section 2254 Cases.

Because the respondent has not filed a memorandum of law in opposition to the petition, the Court cannot yet determine whether the appointment of counsel under the Criminal Justice Act is merited. The Court will therefore deny the motion without prejudice to renewal after the respondent has filed his memorandum.

### III. Order

In accordance with the foregoing:

1) The petitioner's motion that the case not be dismissed (Docket # 24) is **ALLOWED**.

2) The petitioner must, within thirty-five (35) days of the date of this order, file the page missing from his petition and provide clarifications discussed above regarding the exhaustion of his claims in state court. Failure to do so may result in dismissal of this action.

3) The respondent shall submit a memorandum of law in opposition to the petition within thirty-five (35) days of the date that the Court receives the petitioner's documents required by the preceding paragraph.

4) The petitioner's motion for appointment of counsel (Docket # 25) is **DENIED WITHOUT PREJUDICE**.

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated: 7/15/16