UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KERR CARRINGTON, Petitioner, | ) | |
| v. | ) | CIVIL ACTION NO. 14-13100-NMG |
| LUIS SPENSER, Respondent. | ) | |

## REPORT AND RECOMMENDATION ON HABEAS PETITION PURSUANT TO 28 U.S.C. § 2254

June 15, 2018

DEIN, U.S.M.J.

## I. INTRODUCTION

The petitioner, Kerr Carrington, was convicted by a Suffolk County jury of various counts of identity fraud, larceny by false pretenses, attempted larceny by false pretenses, uttering and forgery.[1] He was subsequently found guilty of being a common and notorious thief. His convictions were affirmed in 2013 by the Massachusetts Appeals Court in an unpublished opinion. Commonwealth v. Carrington, 84 Mass. App. Ct. 1121, 997 N.E.2d 1222 (table), No. 11-P-2091, 2013 WL 6164468 (Nov. 25, 2013). The Massachusetts Supreme Judicial Court ("SJC") denied his application for leave to obtain further appellate review ("ALOFAR") without opinion.

---

[1] Mr. Carrington brought another habeas petition in this court challenging similar convictions by a Middlesex County jury. See Carrington v. Spencer, Case No. 14-13102-ADB, relating to Commonwealth v. Carrington, 84 Mass. App. Ct. 1101, 989 N.E.2d 834 (table), No. 10-P-1955, 2013 WL 3306324 (July 2, 2013), rev. denied, 466 Mass. 1103, 994 N.E.2d 800 (2013) (table). That habeas petition was dismissed in two stages. First, various grounds were dismissed for failure to state a claim. Case No. 14-13102-ADB, Docket No. 25. The remaining claim was dismissed for failure to exhaust the claim in state court. Id., Docket No. 33.

Report and Recommendation accepted and adopted. S/NM Gorton, USDJ 8/2/18

Commonwealth v. Carrington, 467 Mass. 1102, 3 N.E.3d 81 (2014) (table). He then filed the instant timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Following a ruling on "Respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies," there is one claim remaining in the habeas petition, namely that the trial judge improperly allowed the Commonwealth to amend the indictment. See Docket Nos. 52, 53. Specifically, Carrington alleges that he was originally indicted under Mass. Gen. Laws ch. 267, § 10, which involves false notes, certificates or bills, but not checks. However, the Commonwealth was allowed to amend the caption of the indictment to specify Mass. Gen. Laws ch. 267, § 5, which penalizes the use of forged "writings," which includes checks, and provides for a longer penalty period. The Massachusetts Appeals Court rejected this claim of error. Carrington, 2013 WL 6164468, at *1-2.

For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the habeas petition be denied. As an initial matter, the petition alleges an error of state law, which is not cognizable in a habeas petition. Moreover, the habeas petition fails to allege conduct that violates Carrington's federal constitutional rights.

## II. STATEMENT OF FACTS[2]

The facts relevant to the remaining habeas claim are as follows.

### Background

According to the Commonwealth, Carrington "engaged in multiple incidents in which he acquired, or attempted to acquire, expensive electronic equipment (typically high-end cameras)

[2] The state court record is included in the Supplemental Answer ("SA") filed by the Respondent at Docket No. 59. The ALOFAR is filed at Docket No. 51.

from various vendors without payment. His schemes relied on forged checks and purchase orders, false identities and other subterfuges." Carrington, 2013 WL 6164468, at *1. After a jury trial, he was found guilty on 35 charges, and was sentenced to concurrent terms of imprisonment for eight years to eight years and one day on the larceny and uttering charges, and to two-and-one-half years imprisonment on the attempt charges. See ALOFAR (Docket No. 51) at 2-3. Carrington appealed to the Massachusetts Appeals Court. Id. at 3.

**Amendment of the Indictment**

One of the indictments issued against Carrington (number 41) was captioned "Uttering c. 267, § 10." SA 141. The body of the indictment provided that:

> KERR CARRINGTON, on or about February 22, 2006, uttered or passed or tendered in payment as true a false check, in the amount of twenty thousand five hundred, ($20,500), knowing the same to be false, altered or forged with the intent to injure or defraud.

Id.

Mass. Gen. Laws ch. 267, § 10 is entitled "uttering, passing or tendering false, forged or counterfeited note, certificate, bill or traveller's check[.]" It provides for a penalty of "imprisonment in the state prison for not more than five years, or by a fine of not more than one thousand dollars and imprisonment in jail for not more than one year." Id. Section 10 does not cover checks. Commonwealth v. Green, 66 Mass. App. Ct. 901, 902, 845 N.E.2d 392, 394 (2006) (stating that a false check cannot be the basis for indictment or proof under ch. 267, § 10).

On January 4, 2011, the Commonwealth filed a motion to amend the indictment to change the caption to Gen. Laws ch. 267, § 5. SA 16 at Docket No. 28. The defendant objected and a hearing was held at the commencement of trial on March 30, 2011. SA 18, 48. The

motion was allowed. Id. Mass. Gen. Laws. Ch. 267, § 5 is entitled "[u]ttering false or forged records, deeds or other writings[.]" It is undisputed that this statute covers checks. See Commonwealth v. O'Connell, 438 Mass. 658, 663, 783 N.E.2d 417, 423 (2003). The penalty for a violation of § 5 is "imprisonment in the state prison for not more than ten years or in jail for not more than two years." Mass. Gen. Laws ch. 267, § 5.

**The Appeal**

After his conviction, Carrington challenged the amendment of the indictment on appeal. SA 48. He argued that the amendment violated Article 12 of the Massachusetts Declaration of Rights that "requires that no one may be convicted of a crime punishable by a term in the State prison without first being indicted for that crime by a grand jury." SA 53 (quoting Commonwealth v. Smith, 459 Mass. 538, 544, 946 N.E.2d 95, 101 (2011) (quoting Commonwealth v. Barbosa, 421 Mass. 547, 549, 658 N.E.2d 966, 968 (1995))). He also argued that the amendment violated Mass. R. Crim. P. 4(d), which grants a judge "discretion to allow an amendment of an indictment if the amendment is one of form, not substance, and if the amendment will 'not result in prejudice.'" SA 54-55 (quoting Commonwealth v. Roby, 462 Mass. 398, 403, 969 N.E.2d 142, 147-48 (2012) (additional Massachusetts case citations omitted)). Thus, Carrington argued that the amendment changed the substance of the charge, and prejudiced him by increasing the available penalty. SA 54-55. Carrington argued only issues of Massachusetts state and constitutional law. SA 52-56.

The Massachusetts Appeals Court rejected Carrington's arguments, finding the following facts and rulings:

> The body of indictment 41 stated that the defendant "on or about February 22, 2006, uttered or passed or tendered in payment as true a false check, in

the amount of twenty thousand five hundred, ($20,500), knowing the same to be false, altered or forged with the intent to injure or defraud." Although the caption of the indictment—as it was presented to the grand jury—cited to G.L. c. 267, § 10, the body of the indictment does not make out a violation of that section, which is inapplicable to forged checks. See *Commonwealth v. Green,* 66 Mass. App. Ct. 901, 902 (2006). On January 4, 2011, the Commonwealth filed a motion to amend the caption of indictment 41 so that it referenced § 5 of c. 267, instead of § 10. Over the defendant's opposition, the trial judge allowed the amendment at the commencement of the trial on March 30, 2011.

As the defendant all but acknowledges, the allegations included in the body of indictment 41–which were never modified—make out a violation of G.L. c. 267, § 5, the charge for which the defendant was eventually convicted.* Thus, the grand jury determined that there was probable cause that the defendant had committed all the essential elements of the offense for which he was convicted. Whether the charges were properly based on § 10 or § 5 is a question of law that was not within the grand jury's purview, and, in any event, where there is disharmony between the caption and the body of an indictment, "it is the language of the body [that] controls." *Commonwealth v. McArthur,* 55 Mass. App. Ct. 596, 598 (2002). The judge did not err in allowing an amendment to indictment 41 that served to conform the caption of the indictment to the violation set forth in the body.

> *An indictment need not track the exact language of a statute. See, e.g., *Commonwealth v. Pearson*, 77 Mass. App. Ct. 95, 98-99 (2010)

We acknowledge that there is some force to the defendant's assertion that, as a matter of fact, the Commonwealth originally may have intended to prosecute him under § 10, but then changed its mind (perhaps after appreciating that § 10 did not apply to forged checks).** In this respect, the mistake in the caption may not have been the simple "clerical error" that the judge thought it to be. However, in the end, this distinction is of no moment unless the defendant can demonstrate that he relied on the Commonwealth's original theory of the case to his prejudice. Here, the defendant learned almost three months prior to trial that the Commonwealth intended to pursue the allegations set forth in indictment 41 pursuant to § 5, not § 10. Far from demonstrating any detrimental reliance, the defendant acknowledged at oral argument that his trial strategy would have been identical regardless of which of the two statutes the Commonwealth was seeking to prosecute him under.*** Contrast *Commonwealth v. Baker,* 440 Mass. 519, 526–527 (2003) (reversing conviction based, in part, on fact that Commonwealth changed theories at

trial, and defendant would have prepared his defense differently had he known this in advance).

> **Some of the specific text of the body of indictment 41 closely tracks that of § 10; by contrast, the text of the other indictments that reference § 5 closely track the language of that statute.
>
> ***The fact that § 5 carries more severe sanctions than § 10 does not mean that the defendant was convicted of a felony for which he was not indicted, and, standing alone, does not establish that he was prejudiced by any change in the Commonwealth's strategy. Contrast *Commonwealth v. Williams*, 73 Mass. App. Ct. 833, 837 (2009) (judge erred by amending criminal complaint after trial in a way that both enhanced the sanctions that the defendant faced and added an element to the charged crime).

Carrington, 2013 WL 6164468, at *1-2.

**The ALOFAR**

In his application to the Massachusetts Supreme Judicial Court for leave to obtain further appellate review, Carrington added, for the first time, a reference to the federal constitution. Specifically, Carrington argued:

> Mr. Carrington would vigorously contest the proposition that a § 10 indictment, if defective, then becomes a § 5 indictment. *See, generally, Commonwealth v. Smith*, 459 Mass. 538, 544 (2011) ("Article 12 [of the Massachusetts Declaration of Rights] requires that no one may be convicted of a crime punishable by a term in the State prison without first being indicted for that crime by a grand jury") (underlining added) (quoting *Commonwealth v. Barbosa*, 421 Mass. 547, 549 (1995)). *See also* The Fifth Amendment to the United States Constitution.

ALOFAR (Docket No. 51) at 14. As noted above, the ALOFAR was denied without opinion.

In support of his habeas petition, Carrington argues that it was clear error to find that the indictment was based on § 5 since it tracked the language of § 10, i.e., "uttering, passing or tendering. . . . " See Pet. Mem. (Docket No. 62) at 2. He repeats the same argument, quoted above, including the reference to the Fifth Amendment. Finally, he argues that it was error to

find that he had not been prejudiced by the amendment to the indictment since it exposed him to a greater penalty. Id. at 3.

Additional facts will be provided below where appropriate.

## III. ANALYSIS

### A. The Habeas Petition Raises an Issue of State Law

In the instant case, Carrington challenges the amendment of the caption of his indictment. Prior to his ALOFAR, this issue was presented solely as a question of Massachusetts law, and the federal claim was not addressed. "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim 'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000)) (additional citations and internal quotations omitted); Jaynes v. Mitchell, 824 F.3d 187, 192 (1st Cir. 2016), cert. denied sub nom. Jaynes v. Murphy, 2016 WL 4480037 (Oct. 11, 2016). This means that the legal theories presented as grounds for relief must be the same in both the state and federal courts. Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987), and cases cited. "It is not enough that the same facts underly [sic] the claims." Id.; see also Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). Moreover, the state court must be given "a fair opportunity to confront and correct an alleged infirmity." Mele v. Fitchburg Dist. Ct., 850 F.2d 817, 820 (1st Cir. 1988). Thus, sidestepping the Appeals Court and tossing in the reference to the Fifth Amendment in his ALOFAR was not sufficient. "Raising a claim for the first time to

the state's highest court on discretionary review is not fair presentation for purposes of exhaustion." Gunter v. Maloney, 291 F.3d 74, 81 (1st Cir. 2002).

A writ of habeas corpus does not lie for errors of state law. Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989). Rather, habeas relief is only available if a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States"; it "does not lie for errors of state law." Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732 (2011) (internal quotations and citations omitted). As a result, a "petitioner's failure to present his federal constitutional claim to the state courts is ordinarily fatal to the prosecution of a federal habeas case." Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011). In the instant case, since Carrington only exhausted a state law claim, his habeas petition must be denied.

**B. The State Court Decision Is Consistent With Federal Law**

Even assuming that Carrington's federal constitutional challenge is reviewable by this court, the habeas petition should nevertheless be denied. See Clarke v. Spencer, 582 F.3d 135, 145 (1st Cir. 2009) (explaining that although claim was unexhausted in state court, federal habeas court "can still address the merits" when "the issue does not warrant habeas relief."). The standard of review to be applied to Carrington's habeas corpus petition is set forth in 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The standard allows a federal court to grant a writ of habeas corpus only if the underlying state court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Carrington does not satisfy this standard.

"The fifth amendment requires that a defendant be tried only on a charge made by the grand jury" and the "sixth amendment, working in tandem with the fifth amendment, requires that the defendant 'be informed of the nature and cause of the accusation.' U.S. Const. amend. VI." United States v. Kelly, 722 F.2d 873, 876 (1st Cir. 1983). Thus, the issue presented is whether the "alteration in the indictment did in fact change the elements of the offense charged, and whether [Carrington] was convicted of a crime not charged in the grand jury indictment." Id. The Federal Rules of Criminal Procedure expressly provide that "[u]nless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction." Fed. R. Crim. P. 7(c)(2). Thus, under federal law, "while a citation to the relevant statute or rules is required, it is not determinative of the validity of the indictment. It is the facts alleged, rather than the citation, that is controlling, and so if an indictment or information properly alleges an offense it is sufficient, even though the attorney for the government and the grand jury believed that the crime charged was covered by a different statute." Wright & Leipold, 1 Fed. Practice & Procedure § 124 at 533-534 (West 4th ed. 2008). See also United States v. Vega Molina, 407 F.3d 511, 525 (1st Cir. 2005) ("It is apodictic that erroneous statutory citations in an indictment do not constitute grounds for reversing a conviction, as long as the defendant was on fair notice of the charges against him."); United States v. Hutcheson, 312 U.S. 219, 229, 61 S. Ct. 463, 464, 85 L. Ed. 788 (1941) (stating that incorrect citation to statute in indictment is "immaterial" if the charges "come within the terms of another statute").

In the instant case, the text of the indictment expressly stated that Carrington was being charged in connection with a "false check" in the amount of $20,500. Therefore, he was convicted of the crime charged by the grand jury. Even without the formal amendment to the indictment, Carrington was on notice of the nature and cause of the charges being brought against him. Moreover, as the Massachusetts Appeals Court found, Carrington had three months' notice of the Commonwealth's intention to amend the citation, and the defendant admitted that his trial strategy would not have changed. The analysis undertaken by the Massachusetts Appeals Court, and its conclusion, is not contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; and was not based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Therefore, this court recommends that the habeas petition be denied.

Without belaboring the point, the cases relied on by Carrington do not compel a different result. In Commonwealth v. Williams, 73 Mass. App. Ct. 833, 903 N.E.2d 222 (2009), the court found that the post-trial amendment of a complaint from simple operation of a motor vehicle so as to endanger, to add "and by such operation did cause the death of another person" in violation of a different statute was a substantive change. Id. at 836, 903 N.E.2d at 225-26. Not only did the new charge carry more severe penalties, but it also added another element not required under the original charge, in particular operation of a motor vehicle causing the death of another. Id. In Carrington's case, however, there was no addition of an element of the offense, and, therefore, there was no change of substance of the indictment. Id. In Commonwealth v. Smith, 459 Mass. 538, 543-45, 946 N.E.2d 95, 100-02 (2011), and Commonwealth v. Barbosa, 421 Mass. 547, 658 N.E.2d 966 (1995), the indictments each

referred to two incidents, but the grand jury only indicted on one, without specifying which one. "Due to the ambiguity in the indictment" there was "a substantial risk that the defendant was convicted of a crime for which he was not indicted by a grand jury." Smith, 459 Mass. at 544, 946 N.E.2d at 101 (quoting Barbosa, 421 Mass. at 554, 658 N.E.2d at 970). No such ambiguity exists in the instant case. The indictment clearly states that Carrington was being charged in connection with his use of a false check in the amount of $20,500 on February 22, 2006.

Finally, this court acknowledges that the potential penalty under § 5 exceeded the maximum penalty allowable under § 10, and that this was detrimental to Carrington. See Commonwealth v. Souza, 42 Mass. App. Ct. 186, 192 n.5, 675 N.E.2d 432, 437 n.5 (1997) ("Prejudice to the defendant could result if, for example, a greater penalty attached to the amended charge or if the amendment resulted in surprise."). However, Carrington was clearly informed that he was being charged in connection with his misuse of a check. The grand jury indicted on the basis of a false check. "A defendant is not prejudiced by an amendment if the language of the indictment informs the defendant of the charge against him." Commonwealth v. Miranda, 441 Mass. 783, 789, 809 N.E.2d 487, 492 (2004) (internal quotations and punctuation omitted). Carrington was given ample opportunity to prepare for trial with knowledge that the statutory citation was going to be amended, and the incorrect statute did not affect his trial strategy. There was no violation of his federal constitutional rights.

## IV. CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that Carrington's habeas petition be DENIED.[3]

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

[3] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).